No. 578
CALLOW v. SHARP et
Ohio Appeals, 8th Dist., Cuyahoga Co.
No. 6071. Decided May 8, 1925

1179. TITLE—Where party seeks to quiet title to real estate and seeks to establish her right thereto, she can establish her title by the fact that she is not liable for the indebtedness of her husband; because she has not obligated herself in connection therewith, by a writing such as is required by the statute of frauds.

WILLIAMS, J.

This action came into the Court of Appeals by way of appeal from the Cuyahoga Common Pleas. The action was brought by Ida Callow to quiet title to certain real estate.

It seems that John Callow was a plastering business from Sharp Brothers, a partnership. Callow, in straightened circumstances financially, asked Sharp Bros. for a loan of $6000, offering a mortgage upon certain real estate situated in the Beachwood Allotment, Cleveland, as security. There was a first mortgage for $4000, on held by the Guardian Savings & Trust Co., also a defendant; and the Sharp Bros.

were not desirous of accepting a second mortgage on the property, but did accept a deed thereof.

The note for $6000 was made payable to Sharp Bros. 90 days after date (Dec. 18, 1918), and was discounted by the Dollar Savings & Trust SCo. at Youngstown. To secure the loan so made Ida Callow, her husband joining in the deed to bar dower, executed and delivered to Chas. Sharp a warranty deed to the property which contained the following: "The said grantee hereby agrees not to bargain, sell or otherwise dispose of the above described property before nine months from the date of this deed, and the grantor agrees to pay the grantee, $6000 as a condition precedent to the redelivery of a warranty deed to the above described premises by the grantor to the grantee."

Said note was renewed from time to time and in Dec. 20, 1920 there was a balance due of $2070.37. Callow was in more straightened terms than ever, and desired to procure additional funds. Sharp Bros. went his security at the same bank for $6000, and Callow paid the Dollar Savings & Trust Co. the $2070.37, balance. In December 1921 John Callaw died and did not consent or authorize the giving of the second note for $6000; and that she had no agreement with Sharp Bros. or either member of that firm, that the property should be held under deed to secure that indebtedness. It is also claimed by Mrs. Callow that the debt was in fact the debt of the husband and that she should be granted relief because the transaction was within the statute of frauds. The Court of Appeals held:

1. It is hardly conceivable that Mrs. Callow, with the intimate knowledge of her husband's business that she had, would not have known of a matter of such importance as a new loan of $6000. The only fair inference from the evidence is that she had knowledge of and consented to the execution of the second note for $6000 with the understanding that Chas. Sharp was to continue to hold the property in question for the security therefor.

2. Mrs. Callaw's contention that the debt is the husband's, disloses that she is not being sued upon the indebtedness of her late husband, and of course would not be liable therefor. She herself is suing to quiet title to land in the name of one of the defendants, and she cannot establish her title by reason of the fact that she is not liable for the indebtedness of her husband because she had not obligated herself in connection therewith by a writing such as is required by the statute of frauds.

3. Mrs. Callow could, upon payment of the mortgage and the satisfaction of the indebtedness to Sharp Bros., claim any equity she may have in the premises, and the deed as executed should be treated in equity, as a mortgage.

Petition of Ida Callow dismissed.

Attorneys—Lamb, Vaughn & Lamb, for Callow; Milton C. Portmann, for Sharp et; all of Cleveland.